[Cite as *Muddiman v. Ohio Dept. of Transp., Dist. 8*, **2011-Ohio-2121**.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

RICHARD A. MUDDIMAN

     Plaintiff

     v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 8

     Defendant

Case No. 2010-11021-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Richard A. Muddiman, filed this action against defendant, Department of Transportation (ODOT), contending his 1999 Dodge Avenger was damaged as a proximate cause of negligence on the part of ODOT in maintaining a hazardous condition of Interstate 75 North in Hamilton County. Specifically, plaintiff related the suspension on his Dodge Avenger was substantially damaged when the vehicle was "swallowed by a large (unforseen) sink hole" that was located near the Sharon Road Exit on Interstate 75. Plaintiff pointed out the described damage-causing roadway defect (sink hole) "appeared to have been recently repaired." With his complaint, plaintiff attached photographs depicting the particular roadway defect. The trier of fact finds the defect depicted is a large pothole that had been previously patched and the patching material had deteriorated forming the defect shown. Plaintiff recalled his damage event occurred on July 24, 2010 at approximately 12:00 a.m. Submitted documentation from defendant (Maintenance Records) noted ODOT crews last patched potholes prior to July 24, 2010 in the vicinity of plaintiff's incident on May 7, 2010. According to the submitted "Maintenance Records," the last activity ODOT crews

conducted on Interstate 75 in the vicinity of plaintiff's incident prior to July 24, 2010, was on July 16, 2010 when "Litter Pickup" occurred. Plaintiff argued the damage to his vehicle was the result of negligence on the part of ODOT in conducting pothole patching operations and he consequently filed this complaint seeking to recover $894.36, the cost of automotive repair and related expenses he incurred. The filing fee was paid.

{¶ 2} Defendant denied liability in this matter based on the contention that no ODOT personnel had any knowledge of the particular damage-causing pothole prior to plaintiff's July 24, 2010 described occurrence. Defendant located the particular pothole "at milepost 15.39 on I-75 in Hamilton County" and advised that "ODOT did not receive any reports of the pothole or have knowledge of the pothole prior to the (July 24, 2010) incident." Defendant submitted a copy of "Maintenance Records" recording ODOT maintenance activity on Interstate 75 from January 24, 2010 to July 24, 2010. The submitted documents show ODOT personnel performed pothole patching operations in the vicinity of plaintiff's incident on March 2, 2010, March 3, 2010, March 4, 2010, April 14, 2010, April 15, 2010, April 20, 2010, May 5, 2010, and May 7, 2010. Defendant denied receiving any prior complaints of a pothole at milepost 15.39 on Interstate 75 despite the fact this section of roadway has an average daily traffic volume of over 14,000 vehicles.

{¶ 3} Defendant denied ODOT negligently maintained Interstate 75 in Hamilton County. Defendant noted the ODOT "Hamilton County Manager inspects all state roadways within the county at least two times a month." Apparently no potholes were discovered at milepost 15.39 on Interstate 75 North the last time that section of roadway was inspected prior to July 24, 2010. The claim file is devoid of any copy of ODOT Hamilton County inspection records. Defendant asserted the particular location of Interstate 75 is a well patrolled location and suggested the pothole plaintiff's vehicle struck "existed for only a short time before the incident."

{¶ 4} Plaintiff filed a response advising his property damage was caused by "a terrible patch job" of a roadway defect on the part of ODOT. Plaintiff asserted defendant was negligent in "not fixing the road correctly." Additionally, plaintiff contended that ODOT should have inspected the subject roadway on a more frequent basis considering the high daily traffic volume creating conditions of surface pavement deterioration. Plaintiff suggested defendant should have known of the pothole at

milepost 15.69 considering the large size of that particular defect.

{¶ 5} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 6} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 7} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. There is no evidence that defendant had actual notice of the pothole. Therefore, for the court to find liability on a notice theory, evidence of constructive notice of the pothole must be presented.

{¶ 8} "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 48 O.O. 231, 105 N.E. 2d 429. "A finding of

constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*, at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. In order for there to be a finding of constructive notice, plaintiff must prove, by a preponderance of the evidence, that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD; *Gelarden v. Ohio Dept. of Transp., Dist. 4*, Ct. of Cl. No. 2007-02521-AD, 2007-Ohio-3047.

{¶ 9} The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the pothole appeared on the roadway. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. No evidence was presented to establish the time that the particular pothole was present. Size of the defect (pothole) is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. Plaintiff has failed to prove that defendant had constructive notice of the pothole.

{¶ 10} Plaintiff may establish liability on the part of defendant by providing evidence of negligent maintenance. *Weitzman v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2008-07942-AD, jud. aff. (4-8-09), 2008-Ohio-7129. There is evidence in the present claim that the pothole plaintiff's car struck may have been previously patched on May 7, 2010 and the patch had deteriorated. However, evidence proving plaintiff's car struck a deteriorated repair does not provide conclusive proof of negligent maintenance. A pothole patch that deteriorates in less than ten days is prima facie evidence of negligent maintenance. See *Matala v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-01270-AD, 2003-Ohio-2618. However, a pothole patch which may or may not have deteriorated over a longer time frame does not constitute, in and of itself, conclusive evidence of negligent maintenance. See *Edwards v. Ohio Department of Transportation, District 8*, Ct. of Cl. No. 2006-01343-AD, jud, 2006-Ohio-7173. Plaintiff has failed to prove that the pothole that damaged his car had been previously patched after May 7, 2010 or was patched with material subject to rapid deterioration since the

last previous pothole repair made by ODOT in the vicinity of his incident was May 7, 2010. Furthermore, plaintiff also failed to establish the general time frame when the roadway condition encountered appeared. Plaintiff, in the instant claim, has not produced sufficient evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

RICHARD A. MUDDIMAN

Plaintiff

v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 8

Defendant

Case No. 2010-11021-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor

of defendant.  Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Richard A. Muddiman                    Jerry Wray, Director
6349 Mullen Road                       Department of Transportation
Cincinnati, Ohio  45247                1980 West Broad Street
                                       Columbus, Ohio  43223

RDK/laa
1/25
Filed 2/16/11
Sent to S.C. reporter 4/29/11